**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, § § § *Plaintiff*, § § v. § § MARLENE G. GREER, INDIVIDUALLY AND AS NEXT FRIEND OF DEFENDANT D. K. G., A MINOR, RICHARD L. GREER, PATRICK L. GREER, AND PHILLIP D. GREER, § § § § § § § § § *Defendants*. § | CIVIL ACTION NO. 1:17-cv-65 |

**COMPLAINT IN INTERPLEADER**

Plaintiff Metropolitan Life Insurance Company ("MetLife") files this Complaint in Interpleader and states:

**PARTIES**

1. Interpleader Plaintiff MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York. It is licensed to do business in the State of Texas.

2. Upon information and belief, Defendant Marlene G. Greer is the widow of Dan E. Greer (the "Decedent") and she resides in Snyder, Texas. Defendant Marlene G. Greer may be served with the summons and this Complaint at her residence located at 3608 Avenue U, Snyder, Texas 79549.

1

3. Upon information and belief, Defendant D. K. G. is the minor daughter of the Decedent and Darlene G. Greer, and she resides in Snyder, Texas. Defendant D. K. G. may be served with the summons and this Complaint through Darlene G. Greer, as Next Friend of D. K. G., at 3608 Avenue U, Snyder, Texas 79549.

4. Upon information and belief, Defendant Richard L. Greer is the son of the Decedent and he resides in Austin, Texas. Defendant Richard L. Greer may be served with the summons and this Complaint at his residence located at 7006 Vallecito Drive, Austin, Texas 78759.

5. Upon information and belief, Defendant Patrick L. Greer is the son of the Decedent and he resides in Hubbard, Texas. Defendant Patrick L. Greer may be served with the summons and this Complaint at his residence located at 222 S. Magnolia Avenue, Apt. 502, Hubbard, Texas 76648.

6. Upon information and belief, Defendant Phillip D. Greer is the son of the Decedent and he resides in Cedar Rapids, Iowa. Defendant Phillip D. Greer may be served with the summons and this Complaint at his residence located at 1603 Woodcrest, Cedar Rapids, Iowa 52402.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.* Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

8. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1397 and 28 U.S.C. § 1391(b) in that one or more of the adverse claimants reside in this judicial district and a

substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

9.  Decedent, a former employee of Chevron Corporation ("Chevron"), had Basic Life Insurance coverage under the Chevron Corporation Life Insurance Plan for Individuals who were Retired Participants in the Gulf Group Life Insurance Plan on June 30, 1986 (the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by Chevron and funded by a group insurance policy issued by MetLife. A true and correct copy of relevant portions of the Plan document is attached hereto as Exhibit "A".

10. Decedent died on December 16, 2015, and at the time of his death he had $75,500 in Basic Life Insurance coverage ("Plan Benefits"), which became payable.

11. MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan. 29 U.S.C. § 1104(a)(1)(D).

12. ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who us or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

13. The Plan document states the following regarding beneficiaries:

> **A. Your Beneficiary**
>
> The "Beneficiary" is the person or persons you choose to receive any benefit payable because of your death.
>
> You make your choice in writing on a form approved by us. The form must be filed with the records of This Plan.

*See* Exhibit "A" at p. 7.

14. On or about April 7, 1986, the Decedent executed a beneficiary designation form, which reads as follows:

> Option 1 – To my surviving spouse.  However, if my spouse is not living or if we are divorced with a final decree on the date payment is to be made, then payment is to be made in equal shares to my natural or legally adopted children (whether or not presently born) who are living on the date each payment is to be made.

The designation also identifies a now-former spouse, and three children: Phillip D. Greer, Richard L. Greer and Patrick L. Greer as beneficiaries.  A true and correct copy of the April 7, 1986 beneficiary designation form is attached hereto as Exhibit "B" ("1986 Designation").[1]

15. In Phillip D. Greer's sworn Claimant's Affidavit, which is on file with MetLife, he states that the Decedent was survived by spouse, Marlene Greer, and four children: Phillip D. Greer, Richard L. Greer, Patrick L. Greer and D. K. G., a minor.  A true and correct copy of the Claimant's Affidavit is attached hereto as Exhibit "C".

16. In accordance with the language of the 1986 Designation, the former spouse is not eligible as a beneficiary, but MetLife cannot determine whether the Decedent's spouse at the time of his death, Marlene G. Greer, is the sole primary beneficiary, or if the Decedent's spouse, Marlene G. Greer and children should share the benefits equally, or if only the three children named in the 1986 Designation should share the benefits.

17. If MetLife paid the Plan Benefits in one of the third ways listed above, a court could decide that such payment was incorrect and pay the Plan Benefits another way.  Because of the ambiguity in the 1986 Designation, MetLife cannot determine the proper beneficiary or beneficiaries of the Plan Benefits without risking exposure of itself, the Plan, and Chevron to multiple liabilities.

18. As a mere stakeholder, MetLife makes no claim to the Plan Benefits other than payment of its reasonable attorney's fees and costs in connection with this action.  MetLife

---

[1] Confidential information such as Social Security numbers and birthdates has been redacted from the attached Exhibits.

therefore respectfully requests that this Court determine how and to whom the Plan Benefits should be paid.

19. MetLife is ready, willing, and able to pay the Plan Benefits in such amounts and to whichever Defendant or Defendants the Court shall designate.

20. MetLife will deposit the Plan Benefits, plus any applicable interest, into the registry of the Court, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, Plaintiff Metropolitan Life Insurance Company requests that the Court:

(i) Restrain and enjoin the Defendants from instituting any action or proceeding in any state or United States court against MetLife, Chevron, or the Plan for recovery of the Plan Benefits plus any applicable interest, by reason of the death of the Decedent;

(ii) Require that Defendants litigate or settle between themselves their claim for the Plan Benefits, or upon their failure to do so, that this Court determine to whom the Plan Benefits, plus any applicable interest, should be paid;

(iii) Permit MetLife to pay into the registry of the court the Plan Benefits, plus any applicable interest, and upon such payment dismiss MetLife with prejudice from this action, and discharge MetLife, Chevron, and the Plan from any further liability upon payment into the registry of this court, or as otherwise directed by this court;

(iv) Award such other and further relief, including attorney's fees and costs, to which MetLife is entitled in law or equity, as this Court deems just and proper.

Respectfully submitted,

/s/ Linda G. Moore
Linda G. Moore
Texas Bar No. 14359500
ESTES THORNE & CARR PLLC
3811 Turtle Creek Blvd., Suite 2000
Dallas, TX 75219
Telephone:  (214) 599-4008
 Facsimile: (214) 599-4099
lmoore@estesthornecarr.com

ATTORNEY FOR PLAINTIFF
METROPOLITAN LIFE INSURANCE
COMPANY